UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:<br><br>Blue Jay Communications, Inc.,<br><br>       Debtor. | Case No. 21-31915 (MAW)<br><br>Chapter 11<br><br>Chief Judge Mary Ann Whipple |
| Blue Jay Communications, Inc.,<br><br>       Plaintiff<br><br>v.<br><br>Ibex Funding Group, LLC and<br>Huntington National Bank, N.A.,<br><br>       Defendants;<br><br>Huntington National Bank, N.A.,<br><br>       Cross Claim Plaintiff<br><br>v.<br><br>Ibex Funding Group, LLC<br><br>       Cross Claim Defendant | Adv. Proc. No. 22-03055 (MAW)<br><br>Chief Judge Mary Ann Whipple |

**MOTION TO DISMISS CROSS CLAIM OR IN THE ALTERNATIVE FOR
A MORE DEFINITE STATEMENT BY IBEX FUNDING GROUP, LLC**

Ibex Funding Group, LLC ("Ibex") hereby moves this Court to dismiss the cross claim filed by Huntington National Bank, N.A. ("Huntington"), and states as follows:

1. This adversary proceeding was commenced by Blue Jay Communications, Inc. ("Debtor" or "Blue Jay") on November 16, 2022.

## Failure to Serve the Cross Claim on Ibex

2. Debtor never served Ibex with the summons and complaint in this adversary proceeding. Instead, Debtor mailed a copy of the summons and complaint to the office of Wernette Heilman PLLC c/o Ryan D. Heilman. ECF # 3 (Proof of Service).

3. Mr. Heilman is not an officer, managing or general agent or any other agent authorized by appointment or by law to receive service of process as required by Fed. R. Bankr. P. 7004(b)(4). Ibex had, in fact, not authorized Wernette Heilman PLLC or Mr. Heilman to accept service on its behalf.

4. However, subsequent to the purported service, Ibex agreed to acknowledge service of process <u>only</u> consistent with the provisions of the agreed motion filed with this Court at ECF # 4 ("<u>Agreed Motion</u>"), the terms of which were incorporated in this Court's Order Regarding Service of Complaint and Extending Time to Answer or Otherwise Respond ("<u>Order Regarding Service</u>," ECF # 5). The Agreed Motion made clear that Wernette Heilman PLLC was in the process of winding down its operations and would not be representing Ibex in this adversary proceeding.

5. Under the terms of the Order Regarding Service, Ibex was deemed to have waived its objections to service of process by Blue Jay.

6. Further, under the terms of the Order Regarding Service, the appearance of Wernette Heilman PLLC was "solely limited to (i) stipulating to entry of this Order and (ii) appearing at the pre-trial conference scheduled by this Court for December 22, 2022" and Wernette Heilman PLLC was expressly **not** deemed to have made a general appearance on behalf of Ibex in this adversary proceeding.

7. Based on the terms of the Agreed Motion and Order Regarding Service, it was clear to all parties that Wernette Heilman PLLC would not be representing Ibex in this adversary proceeding except as expressly set forth in the Order Regarding Service.

8. Nevertheless, Huntington failed to serve Ibex with its purported cross claim set forth on pages 6-7 of its Answer to Blue Jay's complaint ("Cross Claim").

9. In fact, Huntington's Cross Claim fails to include any certificate of service or other indication of who may have been served with the Cross Claim. Upon information and belief, the only persons that received the Cross Claim were Blue Jay through its counsel of record, Frederic P. Schweig and Wernette Heilman PLLC via delivery by the Court's electronic case filing service to the email address ryan@wernetteheilman.com.

10. As stated above, the appearance by Ryan Heilman of Wernette Heilman PLLC was expressly limited. Further, service by email on Ryan Heilman, an attorney that had not at that time been retained by Ibex to represent Ibex in this adversary proceeding, does not comply with the requirements for service under Fed. R. Civ. P. 5(b) (applicable via Fed. R. Bankr. P. 7005).

11. Under Fed. R. Civ. P. 5(b), service may only be made on an attorney if that attorney is representing the party in that matter. As set forth above, Wernette Heilman PLLC was expressly not representing Ibex under the terms of the Order Regarding Service. Further, Heilman Law, Ibex's current (undersigned) counsel, was not even formed at the time Huntington filed the Cross Claim and thus could not have been representing Ibex.

12. Accordingly, service could only be proper under Fed. R. Civ. P. 5(b)(2). However, Huntington failed to make proper service under this Rule.

13. Therefore, Huntington's Cross Claim must be dismissed under Fed. R. Civ. P. 12(b)(5) – insufficient service of process.

**Failure to State a Claim Upon Which Relief Can Be Granted**

14. Huntington's Cross Claim against Ibex consists of only four paragraphs.

15. In paragraph 1, the Cross Claim purports to incorporate "the factual allegations of Plaintiff's Complaint, not for the truth of the matters set forth therein, but solely for the purposes of setting forth the factual basis for this Cross-claim."

16. The purported incorporation by reference of all the factual allegations in Blue Jay's Complaint cannot support any cause of action because Huntington expressly does not incorporate them for the truth of the matters set forth therein. Thus, Huntington is attempting to incorporate allegations but without being responsible for making those allegations itself and expressly disclaiming any representation that these allegations are actually true.

17. In paragraph 2, the Cross Claim purports to incorporate "the admissions, denials, averments, allegations and affirmative defenses contained in its Answer to Plaintiff's Complaint."

18. It is notable that the Huntington Answer contains nothing except admissions, without a single denial or affirmative defense – which evidences that the supposed lawsuit by Blue Jay against Huntington is nothing but a subterfuge to permit Huntington to allege a Cross Claim against Ibex.

19. The admissions by Huntington certainly do not constitute either (a) "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R.

Civ. P. 8(a)(2); (b) simple, concise and direct allegations as required by Fed. R. Civ. P. 8(d)(1); or (c) claims in numbered paragraphs as required by Fed. R. Civ. P. 10(b).[1]

20. Therefore, paragraph 2 cannot support any cause of action.

21. Paragraphs 3 and 4 state only the relief requested by Huntington and certainly do not constitute allegations setting forth any cause of action.

22. Therefore, Huntington's Cross Claim wholly fails to set forth any cause of action, fails to comply with the rules of pleading set forth in the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, and fails to state any claim upon which relief can be granted.

## Request for a More Definite Statement

23. Because Huntington does not comply with the rules of pleading and fails to set forth allegations in numbered paragraphs, it is impossible for Ibex to determine precisely what Huntington is alleging.

24. Incorporating the allegations made by Blue Jay is inadequate both because (a) Huntington expressly disclaims any representation that these allegations are true and (b) those allegations set forth (or purport to set forth) causes of action belonging to Blue Jay, not to Huntington.

25. Further, by failing to comply with the rules of pleading, it is next to impossible for Ibex to properly understand or respond to the Cross Claim.

26. Therefore, to the extent that the Cross Claim is not dismissed, Ibex requests that this Honorable Court order Huntington to restate its Cross Claim in strict conformity with the Federal Rules.

---

[1] Incorporated by Fed. R. Bankr. P. 7008 and 7010.

WHEREFORE, Ibex respectfully request that this Honorable Court dismiss Huntington's Cross Claim for insufficient service of process and for failure to state a claim upon which relief can be granted or, in the alternative, order that Huntington provide a more definitive statement of its Cross Claim in strict conformity with the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

HEILMAN LAW PLLC

By:   s/ Ryan D. Heilman
      Ryan D. Heilman (P63952)
      Wernette Heilman PLLC
      40900 Woodward Ave., Ste. 111
      Bloomfield Hills, MI 48304
      (248) 835-4745
      ryan@heilmanlaw.com

Dated: January 9, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, the foregoing Motion and attached brief were filed electronically with the Clerk of the Court using the CM/ECF system which in turn will send notification of such filing to all interested parties registered to receive notice, including

Christopher Niekamp on behalf of Defendant Huntington National Bank
cniekamp@bdblaw.com

Frederic P. Schwieg on behalf of Plaintiff Blue Jay Communications, Inc.
fschwieg@schwieglaw.com

                  /s/ Ryan D. Heilman
                  Ryan D. Heilman

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| In re:<br>Blue Jay Communications, Inc.,<br>　　　　　Debtor. | Case No. 21-31915 (MAW)<br>Chapter 11<br>Chief Judge Mary Ann Whipple |
| Blue Jay Communications, Inc.,<br>　　　　　Plaintiff<br>v.<br>Ibex Funding Group, LLC and<br>Huntington National Bank, N.A.,<br>　　　　　Defendants;<br><br>Huntington National Bank, N.A.,<br>　　　　　Cross Claim Plaintiff<br>v.<br>Ibex Funding Group, LLC<br>　　　　　Cross Claim Defendant | Adv. Proc. No. 22-03055 (MAW)<br>Chief Judge Mary Ann Whipple |

**BRIEF IN SUPPORT OF MOTION TO DISMISS CROSS CLAIM
OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT
<u>BY IBEX FUNDING GROUP, LLC</u>**

　　Ibex Funding Group, LLC ("<u>Ibex</u>"), in support of its Motion to Dismiss Cross Claim or in

the Alternative for a More Definite Statement, states as follows:

## Introduction

The adversary proceeding was brought by Blue Jay Communications, Inc. ("Debtor" or "Blue Jay") on November 16, 2022. Debtor named both Ibex and Huntington as defendants apparently in collusion with Huntington in a poorly concealed attempt to manipulate jurisdictional rules. Huntington has amazingly admitted every single allegation in Debtor's Complaint.

Had Debtor not named Huntington as a defendant, this Court would almost certainly lack subject matter jurisdiction over Huntington's purported cross claim ("Cross Claim") against Ibex. Even with this manipulation, it is likely that this Court lacks subject matter jurisdiction as parties cannot write their own jurisdictional ticket.

However, now is not the time to object based on subject matter jurisdiction because the Cross Claim is so poorly constructed that Ibex cannot properly determine what claims Huntington is attempting to make – the only clear statements in the Cross Claim are Huntington's nine separate requests for relief – five more paragraphs the entirety of the allegations that are supposed to support the Cross Claim.

## Factual Background

Ibex relies on the factual background as set forth in the attached Motion and on the pleadings and other documents filed in this case – Complaint, ECF # 1; Agreed Motion[1], ECF # 4; Order Regarding Service, ECF # 5; and Huntington's Answer and Cross Claim, ECF # 7.

## Dismissal for Insufficient Process

In support of Ibex's request for dismissal of insufficient process, Ibex relies on Federal Rule of Civil Procedure 5(b), as incorporated by Federal Rules of Bankruptcy Procedure 7005,

---

[1] Capitalized terms not defined in this Brief have the meanings set forth in the Motion.

and on the facts that (1) no attorney or law firm was retained to represent Ibex when the Cross Claim was filed with the Court; (2) under the Order Regarding Service, it was clear to all parties that Wernette Heilman PLLC was not representing Ibex in this adversary proceeding except as expressly set forth in that Order; (3) the law firm currently representing Ibex, Heilman Law PLLC, had not yet been formed when the Cross Claim was filed.

Accordingly, service on the undersigned attorney through this Court's electronic case filing service was not sufficient service of process. Huntington apparently made no other or further attempts to serve Ibex with the Cross Claim. Further, Fed. R. Bankr. P. 7012 itself requires service of a cross claim on a party before any response is required.

Therefore, service of process is insufficient and the Cross Claim must be dismissed under Fed. R. Civ. P. 12(b)(5) as incorporated by Fed. R. Bankr. P. 7012.

**Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] tests the sufficiency of a complaint or, in this case, a cross claim. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).

However, the acceptance of factual allegations as true is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere

---

[2] Applicable to this adversary proceeding under Fed. R. Bankr. P. 7012.

conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To do so, a court should (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Here, the Cross Claim consists of only four paragraphs (plus nine paragraphs stating the request for relief). Two of those paragraphs are themselves statements of the relief requested by Huntington. The other two paragraphs are incorporations by reference of (1) all Debtor's allegations in Debtor's complaint and (2) all Huntington's "admissions, denials, averments, allegations and affirmative defenses contained in" Huntington's answer to Debtor's complaint.

With respect to the incorporation of Debtor's allegations, Huntington expressly disavows "the truth of the matters set forth therein." Therefore, there is no basis to accept these incorporated factual allegations as true if even Huntington refuses to allege them for "the truth of the matters." Even if Huntington had not expressly disavowed the truth of the allegations, the incorporation by reference fails to comply with the rules of pleading under the Federal Rules.

Paragraphs 1 and 2 of the Cross Claim certainly are short statements, but they are not a "plain statements of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2). Similarly, these paragraphs are not simple, concise and direct allegations as required by Fed. R. Civ. P. 8(d)(1); nor are they claims in numbered paragraphs as required by

Fed. R. Civ. P. 10(b) [as incorporated by Fed. R. Bankr. P. 7008 and 7010). Thus, neither of these statements comply with the Federal Rules and neither support any cause of action upon which relief can be granted in favor of Huntington.

Therefore, Huntington's Cross Claim wholly fails to set forth any cause of action, fails to comply with the rules of pleading set forth in the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, and fails to state any claim upon which relief can be granted. The Cross Claim must be dismissed under Fed. R. Civ. P. 12(b)(6).

**Request for a More Definite Statement**

As stated above, Huntington's Cross Claim does not comply with the rules of pleading and fails to set forth allegations in numbered paragraphs. Accordingly, it is impossible for Ibex to determine precisely what Huntington is alleging or to properly answer the Cross Claim.

Incorporating the allegations made by Blue Jay is inadequate both because (a) Huntington expressly disclaims any representation that these allegations are true and (b) those allegations set forth (or purport to set forth) causes of action belonging to Blue Jay, not to Huntington.

Therefore, to the extent that the Cross Claim is not dismissed, Ibex requests that this Honorable Court order Huntington to restate its Cross Claim in strict conformity with the Federal Rules.

**Conclusion**

Huntington's Cross Claim was not properly served which is grounds for dismissal or, at minimum, grounds to compel proper service.

Huntington's Cross Claim fails to comply with the Federal Rules of pleading and fails to state a claim upon which relief can be granted. Therefore, the Cross Claim must be dismissed under Fed. R. Civ. P. 12(b)(6).

If the Cross Claim is not dismissed, or if the Court permits Huntington an opportunity to amend the Cross Claim, Ibex requests that the Court compel (1) that Huntington provide a more definite statement in strict conformity with the Federal Rules and (2) that Huntington reimburse Ibex for its costs and reasonable attorneys' fees in bringing this Motion.

Respectfully submitted,

HEILMAN LAW PLLC

By:   s/ Ryan D. Heilman
      Ryan D. Heilman (P63952)
      Wernette Heilman PLLC
      40900 Woodward Ave., Ste. 111
      Bloomfield Hills, MI 48304
      (248) 835-4745
      ryan@heilmanlaw.com

Dated: January 9, 2023