# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:<br>Blue Jay Communications, Inc.,<br><br>                     Debtor. | Case No. 21-31915 (MAW)<br>Chapter 11<br>Chief Judge Mary Ann Whipple |
| Blue Jay Communications, Inc.,<br><br>                     Plaintiff<br>v.<br>Ibex Funding Group, LLC and<br>Huntington National Bank, N.A.,<br><br>                     Defendants. | Adv. Proc. No. 22-03055 (MAW)<br>Chief Judge Mary Ann Whipple |

## IBEX FUNDING GROUP, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Ibex Funding Group, LLC ("Ibex" or "Defendant") answers the Adversary Complaint filed by Blue Jay Communications, Inc. ("Debtor" or "Blue Jay") as follows:

### Jurisdiction

1. Defendant does not contest jurisdiction of this Court over the claims brought by Debtor against Ibex in this adversary proceeding.

2. Ibex admits that the adversary proceeding is a core proceeding with respect to some of the claims brought by Debtor against Ibex in this adversary proceeding but denies that the adversary proceeding is a core proceeding with respect to all of the claims brought by Debtor against Ibex.

3. The paragraph states the consent of Debtor to referral of this adversary proceeding to this Bankruptcy Court and does not contain allegations to which a response is required. Ibex

also consents to referral of this adversary proceeding to this Bankruptcy Court and to this Court entering final orders and judgments where appropriate and entering orders and recommendations subject to review where statutorily or constitutionally required.

4. Admitted that Blue Jay is the "debtor" with respect to the above-captioned bankruptcy case in chief. Denied that Blue Jay is a "debtor in possession" as that term is used in the bankruptcy code.

5. Admitted only that Ibex is a limited liability company that has appeared in the bankruptcy case in chief through its attorney. Denied that appearance in a bankruptcy case constitutes an appearance in all related adversary proceedings or that service of a summons and complaint on an attorney that has not appeared in a specific adversary proceeding is proper or sufficient process. Ibex neither admits nor denies that Ibex is the primary defendant in this adversary proceeding because the term "primary defendant" is unclear and vague. Only to the extent that this allegation is a concession by Blue Jay that this adversary proceeding is adverse only to Ibex and not adverse to the other "defendant," Ibex admits the allegation.

6. Denied that Huntington National Bank, N.A. ("Huntington") is properly a defendant in this action for the reason that Blue Jay requests no relief against Huntington and Huntington's inclusion is purely a ploy by Blue Jay and Huntington in an attempt to manipulate this Court's jurisdiction.

## Blue Jay's Objection to Claim

7. The responses and answers in paragraphs 1 through 6 above are incorporated by reference here.

8. Admitted that on the Petition Date[1] the Debtor filed its voluntary petition for relief

---

[1] All capitalized terms not defined in this Answer, Affirmative Defenses and Jury Demand have the meanings set forth in Debtor's adversary complaint.

under chapter 11 of title 11 of the Bankruptcy Code, that Debtor has continued in possession of its property, and that Debtor's plan of reorganization was confirmed on September 22, 2022. The remaining allegations are denied.

9. Admitted: On February 16, 2022 Ibex filed Proof of Claim number 52 in the amount of $1,752,961.97 a copy of which is attached as Exhibit A ("Claim"). The Claim arises from a prepetition agreement between the Debtor and Ibex dated September 20, 2021 and attached to the Claim ("Agreement"); however, denied that the Claim arises solely from the Agreement. Ibex neither admits nor denies that the form of the Agreement attached to the Complaint is a complete, accurate and authentic copy. Denied: The Claim is not enforceable against the Debtor.

10. Denied.

11. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

12. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

13. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

14. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

15. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

16. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

17. Admitted: On or about August 2, 2021 the Debtor and Ibex entered into the agreement attached hereto as Exhibit B ("Prior Agreement" and with the Agreement the "Agreements"). Ibex neither admits nor denies that the form of the Prior Agreement attached to the Complaint is a complete, accurate and authentic copy. Ibex admits that Ibex purchased $1,563,581.25 of the Debtor's Future Receipts (as defined in the Prior Agreement). Denied that Debtor made payment to Ibex of $1,042,387.50 because Debtor defaulted under the terms of the Prior Agreement by, among other things, failing to make payments when due.

18. The quotations are reasonably accurate, with the exception of the emphasis added by Blue Jay, and the allegations are not contested to the extent they allege only that the referenced Exhibits contains these words.

19. Denied that the allegations correctly set forth the terms of the Prior Agreement. Admitted that Under the Prior Agreement Blue Jay was required to deposit all its cash receipts into a certain Huntington bank account.

20. Denied that the allegations correctly set forth the terms of the Prior Agreement; denied that the amount purchased should have been collected in 221 days; denied that the Prior Agreement has any "effective daily rate of interest," "effective annual percentage rate," or "minimum payment amount."

21. Denied that Ibex breached the Prior Agreement in any way. Denied that the allegations correctly set forth the terms or correctly characterize the terms of the Prior Agreement or the transfers that occurred under the Prior Agreement. Denied that Exhibit C is an accurate and complete schedule of transfers between Ibex and Blue Jay.

22. Denied that Ibex breached the Prior Agreement in any way. Denied that the allegations correctly set forth the terms or correctly characterize the terms of the Prior Agreement or the transfers that occurred under the Prior Agreement.

23. Denied that Ibex breached the Prior Agreement in any way. Ibex neither admits nor denies the allegations concerning Blue Jay's alleged "precarious financial position" or insufficient operating cash" because Ibex lacks sufficient information to form a belief as to the truth of the allegations. Denied that any actions by Ibex was the sole or primary cause of Blue Jay's financial problems.

24. Denied that Debtor entered into the Agreement because Debtor was "[d]esperate to resolve the Ibex situation." Admitted (again) that Debtor and Ibex entered into the Agreement on or about September 20, 2021. Admitted that Ibex purchased $2,069,432.38 of the Debtor's Future Receipts in exchange for a purchase price of $1,379,621.58. Admitted that the net purchase price after deduction for fees and amounts owed to Ibex from Debtor under the Prior Agreement equaled $693,605.83. Ibex denies the remaining allegations because they fail to correctly set forth the terms or correctly characterize the terms of the Prior Agreement and Debtor's indebtedness to Ibex at that time.

25. Denied.

26. Admitted only that Blue Jay agreed to pay over 25% of Blue Jay's future receipts to Ibex until Ibex had received the full Purchased Amount (as defined in the Agreement). Admitted that Under the Agreement Blue Jay agreed to deposit all its cash receipts into a certain Huntington bank account. All other allegations in this paragraph are denied.

27. Denied.

28. Admitted only that Ibex took a security interest in the items set forth in the quoted language to protect Ibex in the event of Blue Jay's default under the Agreement. Denied that the security interest ensured "recovery of the full amount of the 'purchased' receipts."

29. Admitted, except Ibex denies the use of the past tense "had."

30. Admitted.

31. Denied.

32. Denied.

33. Admitted that the Agreement specifies that the purchase price was $1,379,621.58. Admitted that the net purchase price was $693,605.83, which takes into account the amounts owed by Blue Jay to Ibex under the Prior Agreement and agreed fees. Ibex denies all other allegations and characterizations in this paragraph.

34. Denied.

## Count I

35. The responses and answers of paragraphs 1 through 34 above are incorporated by reference here.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## Count II

44. The responses and answers of paragraphs 1 through 43 above are incorporated by reference here.

45. Denied.

46. Denied.

47. The allegations constitute legal conclusions and therefore require no response. To the extent, if any, that a response is required, admitted only that, under applicable New York law, the agreed statement in the Agreement that it was not a loan is indicative, but not fully determinative, of the nature of the transaction. Any remaining allegations or characterizations in the paragraph are denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. The allegations constitute legal conclusions and therefore require no response. To the extent, if any, that a response is required, Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

53. Denied.

54. Denied.

## Count III

55. The responses and answers of paragraphs 1 through 54 above are incorporated by reference here.

56. Denied.

57. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

58. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

59. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

60. Denied.

## Count IV

61. The responses and answers of paragraphs 1 through 60 above are incorporated by reference here.

62. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

63. Denied.

64. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

65. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

66. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

67. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

68. Defendant neither admits nor denies the allegations because Defendant lacks sufficient information to form a belief as to the truth of the allegations.

69. Denied.

## Count V

70. The responses and answers of paragraphs 1 through 69 above are incorporated by reference here.

71. Denied.

## Count VI

72. The responses and answers of paragraphs 1 through 71 above are incorporated by reference here.

73. Defendant neither admits nor denies the allegations to the extent they state that Huntington may make a claim because Defendant lacks sufficient information to form a belief as to the truth of the allegations. Defendant denies the allegations to the extent they state or imply that Huntington has a valid or enforceable claim of any type against Defendant.

74. The allegations constitute legal conclusions and therefore require no response. To the extent, if any, that a response is required, Defendant denies the allegations.

## Count VII

75. The responses and answers of paragraphs 1 through 71 above are incorporated by reference here.

76. Denied.

WHEREFORE, Defendant Ibex Funding Group, LLC respectfully requests that this Honorable Court deny the relief sought by Debtor, dismiss the Complaint with prejudice, and award Defendant all costs and fees incurred in responding to the Complaint and such other relief as is just and equitable.

## AFFIRMATIVE DEFENSES

Defendant, Ibex Funding Group, LLC states as follows for its non-exclusive listing of defenses to the Complaint filed by Blue Jay Communications, Inc., without prejudice to its rights to assert that the burdens of production and/or persuasion on some or all of these matters rest with Blue Jay[2]:

1. The Complaint fails in its entirety for failure to state a claim upon which relief may be granted.

2. The Complaint fails with respect to all breach of contract and related claims and allegations because Blue Jay committed the first material breach of both the Prior Agreement and Agreement. Blue Jay failed to transfer receipts to Ibex when required under the terms of the agreements; the representations made by Blue Jay were not true and accurate when made; Blue Jay did not deposit all its receipts into the required account at Huntington as agreed; Blue Jay maintained more than one account in violation of the agreements; Blue Jay transferred funds out of the account into an account owned by Blue Jay's owner or another affiliate of Blue Jay's owner; and Blue Jay violated the terms of the agreement by obtaining merchant credit advances after entry into the Prior Agreement.

3. All claims based on the theory that the transaction was not a sale but a loan fail because under applicable New York law the transaction was a proper purchase of receipts and not a loan, the transaction bore no interest rate, Ibex bore the risk of Blue Jay ceasing business, inability of Blue Jay to collect from Blue Jay's account debtors, or failure of Blue Jay to continue receiving receipts from customers for any other reason, as well as the risk of Blue Jay's lenders and other creditors foreclosing on Blue Jay's assets, closing Blue Jay's accounts, noticing Blue

---

[2] All capitalized terms not defined in these Affirmative Defenses have the meanings set forth in Defendant's above answer or, if not defined therein, in Debtor's adversary complaint.

Jay's account debtors or taking other action preventing Blue Jay from continuing to obtain receipts from its customers.

4. Any recovery by Blue Jay on the grounds of fraudulent transfer of receipts from Blue Jay to Ibex are barred because Ibex owned the receipts received under the terms of the Prior Agreement and Agreement.

5. All claims that Ibex breached the Prior Agreement or Agreement in any way fail under the express terms of the Prior Agreement and Agreement and the agreed attachments thereto. Similarly, any claim that Blue Jay is not required to transfer receipts or monies to Ibex fail under the express terms of the Prior Agreement and Agreement and the agreed attachments thereto.

6. The Complaint and all claims fail in their entirety under the doctrines of res judicata, issue preclusion, claim preclusion and/or collateral estoppel due to the confirmation of Debtor's plan of reorganization, which has the effect of a judgment on the merit of all matters, claims and issues that were or reasonably could have been litigated before confirmation.

7. Any claim based on fraudulent transfer relating to transfers of receipts or monies from Blue Jay to Ibex fail because by transferring the receipts or monies, Blue Jay was fulfilling contract obligations and satisfying an antecedent obligations (satisfaction of antecedent debt constitutes value for "reasonably equivalent value" purposes).

8. To the extent, if any, that Blue Jay is successful on a fraudulent transfer theory, Ibex is entitled to the protections of, and has the rights provided by 11 U.S.C. § 548(c).

9. Any claim relating to the priority of liens or security interests fail because Blue Jay lacks standing to complain regarding potential priority disputes between two secured creditors. Blue Jay has no judicially recognizable interest in the order of priority.

11

22-03055-maw    Doc 17    FILED 01/11/23    ENTERED 01/11/23 22:10:01    Page 11 of 15

10. Any claim that Ibex is not a secured creditor fails based on Blue Jay's grant of a security interest to Ibex and Ibex's perfection of the security interest. Further, any claim that Ibex's security interest does not attach to any of Blue Jay's property by reason that Blue Jay's assets lack value over and above the claims of prior creditors fails because (i) this matter has already been decided through the plan of reorganization the final order confirming plan, and (ii) Blue Jay prepared and circulated seriously misleading schedules, financial information, projections, and a liquidation analysis prior to confirmation of the plan which did not include substantial tax refunds now claimed by Blue Jay to be worth approximately $3 million.

11. Any recovery under any theory set forth in the Complaint is barred because of the unclean hands and wrong-doing of and on behalf of Blue Jay. In addition to other matters set forth in these affirmative defenses and Blue Jay's multiple acts in violation of its agreements with Ibex, Blue Jay has improperly colluded with Huntington by including Huntington as a sham defendant in this adversary proceeding – not to protect any interests or assert any claims of Blue Jay, but solely in an attempt to assist Huntington in manipulating jurisdictional rules and permit Huntington to assert claims in this Court.

12. All claims asserting or implying that Blue Jay retained any interest in the receipts purchased by Ibex after execution of the Prior Agreement or Agreement fail under the express provisions of § 9-318 of the Uniform Commercial Code [NY CLS UCC § 9-318; Ohio RC § 1309.318], "A debtor that has sold an account, chattel paper, payment intangible, or promissory note does not retain a legal or equitable interest in the collateral sold."

13. Any recovery or claim relating to possible claims of Huntington as set forth in pars. 73 and 74 are barred because (i) Debtor lacks standing to assert Huntington's interests; (ii) this Court lacks subject matter jurisdiction over any dispute between Ibex and Hutington; and

(iii) section 9-332 of the Uniform Commercial Code protects the transferee of funds from a deposit account.

14. All claims and any recovery by Blue Jay are barred based on the express terms of the cash collateral orders entered by the Court in Blue Jay's bankruptcy case, the plan of reorganization, and the order confirming the plan.

15. Blue Jay's claims may be barred by additional legal and equitable defenses including, but not limited to, assumption of risk, laches, lack of standing, Blue Jay's fraud and/or misrepresentations in entering into the agreements, before bankruptcy and during the plan confirmation process including concealing assets ($3 million tax refund claim), waiver, and that Ibex qualifies as a good faith purchaser for value.

16. Defendant reserves the right to modify these affirmative and other defenses and/or add such other defenses that may become known through the course of investigation and discovery in this action.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Complaint in its entirety with prejudice, and award Defendants all costs and fees incurred in responding to the Complaint and such other relief as is just and equitable.

Respectfully submitted,

**HEILMAN LAW PLLC**

By: /s/ Ryan D. Heilman
Ryan D. Heilman (P63952)
Attorney for Defendant,
Ibex Funding Group, LLC
40900 Woodward Ave., Ste. 111
Bloomfield Hills, MI 48304
Telephone: (248) 835-4745
ryan@heilmanlaw.com

January 11, 2023

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:<br><br>Blue Jay Communications, Inc.,<br><br>                         Debtor. | Case No. 21-31915 (MAW)<br><br>Chapter 11<br><br>Chief Judge Mary Ann Whipple |
| Blue Jay Communications, Inc.,<br><br>                         Plaintiff<br><br>v.<br><br>Ibex Funding Group, LLC and<br>Huntington National Bank, N.A.,<br><br>                         Defendants. | Adv. Proc. No. 22-03055 (MAW)<br><br>Chief Judge Mary Ann Whipple |

## IBEX FUNDING GROUP, LLC'S JURY DEMAND

Defendant, Ibex Funding Group, LLC hereby demands trial by jury on all issues so triable arising in this adversary proceeding. Defendant consents to the Bankruptcy Court conducting the jury trial.

                                                Respectfully submitted,

                                                **HEILMAN LAW PLLC**

                                                By:   /s/ Ryan D. Heilman
                                                Ryan D. Heilman (P63952)
                                                Attorney for Defendant,
                                                Ibex Funding Group, LLC
                                                40900 Woodward Ave., Ste. 111
                                                Bloomfield Hills, MI 48304
                                                Telephone: (248) 835-4745
January 11, 2023                          ryan@heilmanlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 11, 2023, the foregoing Answer, Affirmative Defenses and Jury Demand was filed electronically with the Clerk of the Court using the CM/ECF system which in turn will send notification of such filing to all interested parties registered to receive notice, including

Christopher Niekamp on behalf of Defendant Huntington National Bank
cniekamp@bdblaw.com

Frederic P. Schwieg on behalf of Plaintiff Blue Jay Communications, Inc.
fschwieg@schwieglaw.com

                    /s/ Ryan D. Heilman
                    Ryan D. Heilman