UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| In Re: | * | Case Number 22-03055 |
|---|---|---|
| Blue Jay Communications, Inc. | * | Chapter 11 |
| Debtor. | * | Judge Mary Ann Whipple |
| | * | **MOTION OF R7 MANAGEMENT, LLC FOR RELIEF FROM STAY** |
| | * | |

R7 Management, LLC (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, under Federal Rule of Bankruptcy Procedure 4001, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362.

### MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to a judgment entered by consent with the counsel for the debtor and with the knowledge and direction of the trustee herein, movant recovered a judgment against defendant Blue Jay Communications, Inc. in the amounts of $45,299.50 and $8,000.00, each with interest and costs.

2. One of the provisions of the consent judgment entry was that movant was not entitled to execute against the assets of Blue Jay Communications, Inc. while its bankruptcy proceeding is pending without having first obtained relief from any order of the bankruptcy court vesting possession and control of its property in a trustee, which in this case is Patricia Fugee.

3. Movant says that its claim is a post-petition claim incurred by the debtor during the course of its reorganization proceedings and that no provision has been made for the treatment of this claim. Movant further says that but for its agreement not to execute in the absence of an order granting it relief from stay from this court, it would be entitled to execute against the assets of Blue Jay Communications, Inc. subject to the prior claims of any secured creditor.

4. Movant says that it has waited long past the date of March 31, 2024, which was the date by which the debtor might have paid this obligation by a 50% payment, before seeking relief from this court with regard to any stay that may be in place.

5. Movant says that it now appears that the assets of the debtor are to be sold under circumstances where no provision has been made for the payment of movant's claim and that the stay should be lifted in order that it may protect its interests as best it can.

6. Movant says that it has not attached the customary Exhibit C worksheet as the same is inapplicable to the circumstances of this motion.

**WHEREFORE,** movant prays that the court enter an order lifting the bankruptcy stay, whether arising as the automatic stay or any other injunctive order arising from the appointment of the trustee, so that it may execute upon its judgment.

Respectfully submitted,

*/s/ Howard B. Hershman*
Mockensturm, Ltd.
2645 Pheasant Lane
Toledo, Ohio 43615
Telephone: 419-346-6863
Facsimile: 419-214- 8285
Attorney for Movant

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 8th day of July, 2024, copies were served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Patricia B. Fugee, Esq.
Fisher Broyles, LLP
27100 Oakmead Drive, #306
Perrysburg, Ohio 43551

United States Trustee
Office of the U.S. Trustee
H.M. Metzenbaum Courthouse
201 Superior Avenue, E Suite 441
Cleveland, Ohio 44114
ATTN: Kate M. Bradley
patricia.fugee@fisherbroyles.com

Gino Pulito, Esq.
Pulito and Associates, LLC
230 Third Street
Elyria, Ohio 44035
ginopulito@hotmail.com

Frederick P. Schwieg, Esq.
19885 Detroit Road, #239
Rocky River, Ohio 44116
fschwieg@schwieglaw.com

/s/ Howard B. Hershman
0020986

Telephone: 419-346-6863
Facsimile: 419-214-8285
Attorney for the movant
howard@mockltd.com



**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

| | |
|---|---|
| R7 MANAGEMENT, LLC<br>Plaintiff | Case No: CV-22-969067<br>Judge: KEVIN J KELLEY |
| BLUE JAY COMMUNICATIONS, INC.<br>Defendant | **JOURNAL ENTRY** |

96 DISP.OTHER - FINAL

CONSENT JUDGMENT ENTRY. OSJ.
COURT COST ASSESSED AS DIRECTED.
PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER PRESCRIBED BY CIV.R. 5(B). THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE.

_/s/ Kevin Kelley_     10/16/23
Judge Signature          Date

## IN THE COURT OF COMMON PLEAS, CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| R7 Management, LLC | * | Case Number CV 22 969077 |
| Plaintiff | * | Judge Kevin J. Kelley |
| -vs- | * | **CONSENT JUDGMENT ENTRY** |
| Blue Jay Communications, Inc. | * | Howard B. Hershman (0020986) Mockensturm Ltd. |
| Defendant. | * | 2645 Pheasant Lane Toledo, Ohio 43615 |
| | * | Telephone: 419-346-6863 Facsimile: 419-214-8561 |
| | * | |
| | | Attorney for the plaintiff |
| | * | |

This day this cause came to be heard upon the representation of the parties that all matters in controversy had been resolved and that the matter could be concluded by the entry of the judgments set forth below, and the court finding it appropriate to enter judgments as requested by the parties, enters the following judgments:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that judgment is granted in favor of plaintiff, R7 Management, LLC and against Blue Jay Communications, Inc. in the sum of $45,299.50 together with interest from date of judgment until paid.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the foregoing judgment may be satisfied by the payment of the sum of $22,649.75 if paid before January 2, 2024 from any source.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the foregoing judgment may be satisfied by the payment of $22,649.75 at any time before March 31, 2024 if the payment originates from the bankruptcy estate of defendant, Blue Jay Communications (this claim having arisen after the filing of Blue Jay Communications Chapter 11 petition).

**IT IS FURTHER ORDERED** that plaintiff's complaint is hereby amended, by interlineation through the entry of this order, to plead an additional claim in the amount of $8,000.00 representing retainage owed by defendant, Blue Jay Communications, Inc. to plaintiff upon the completion of the contract between the parties, and judgment thereon is hereby rendered in favor of plaintiff, R7 Management, LLC against Blue Jay Communications, Inc. in the sum of $8,000.00.

It is **Further Ordered Adjudged and Decreed** that plaintiff shall not execute against the assets of Blue Jay Communications, Inc., while its bankruptcy proceeding is pending, without first having obtained relief from any order of the Bankruptcy court vesting possession and control of its property in a trustee.

This is a final appealable order resolving all matters before the court, and the clerk is directed to serve a copy of this order upon the parties, through their respective counsel.

_____
Judge

APPROVED:

*/s/ Howard B. Hershman*
Attorney for the plaintiff

*/s/ Gino Piluto*
Attorney for the defendant